FILED
United States Court of Appeals
Tenth Circuit

March 25, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SHERRON L. LEWIS, JR.,

      Plaintiff - Appellant,

v.

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION; LARRY
CASTLE, in his individual and corporate
capacity; CINDY LOWERY-GRABER;
THE CASTLE LAW GROUP, LLC,

      Defendants - Appellees.

No. 14-1140
(D.C. No. 1:13-CV-01375-PAB-KLM)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

Sherron L. Lewis, Jr., at all times proceeding pro se,[1] sued JPMorgan Chase

Bank, National Association (Chase) and Larry Castle, Cindy Lowery-Graber, and

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     The magistrate judge noted Lewis' ample district-court litigation experience and the fact that he should be aware of the law governing some of his claims. *See* R., Vol. 2 at 341-42 (listing prior cases). Nonetheless, we, like the magistrate judge and
                                         (continued)

The Castle Law Group, LLC (the Castle defendants), the lawyers and law firm representing Chase, for actions occurring during foreclosure proceedings on his home. Lewis asserted that defendants violated 42 U.S.C. § 1983; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p; and state law. The district court granted defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

The parties are familiar with the facts as alleged in the complaint and set out in the documents properly considered in Rule 12(b)(6) proceedings. So we do not set forth here the details concerning the foreclosure activities arising out of the home equity line of credit (HELOC) and mortgage loan Lewis obtained from Chase that are at issue in this case.[2]

Lewis asserted six causes of action against defendants: (1) intentional and negligent misrepresentation with respect to the HELOC; (2) denial of due process in violation of § 1983 with respect to the HELOC foreclosure proceedings; (3) intentional and negligent misrepresentation with respect to the mortgage;

district court, liberally construe his pro se arguments. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]      As the magistrate judge recognized, various Chase entities merged into JPMorgan Chase Bank. Like the magistrate judge and district court, we treat references to any Chase entities as references to defendant Chase.

(4) denial of due process in violation of § 1983 during the mortgage foreclosure proceedings; (5) violation of the FDCPA and its Colorado counterpart by initiating the HELOC foreclosure action; and (6) violation of the FDCPA and its Colorado counterpart by initiating the mortgage foreclosure action. Lewis sought damages, an order declaring the foreclosure on his home null and void and that Chase had no ownership interest in the property or promissory note for the mortgage, and an order enjoining the sale and quieting title to the home.

Chase and the Castle defendants filed motions to dismiss under Rule 12(b)(6) asserting the complaint failed to state a claim upon which relief could be granted. The magistrate judge recommended granting the motions, specifically recommending dismissal with prejudice of the § 1983 claims and most of the FDCPA claims. Also, the magistrate judge recommended dismissal without prejudice of Lewis' state law claims as well as his claim that the Castle defendants violated FDCPA § 1692g.

Accepting the magistrate judge's recommendation, the district court dismissed with prejudice (1) Lewis' claims alleging due process violations under § 1983 as to defendants' actions concerning the HELOC and mortgage because Lewis alleged only a private misuse of state law and defendants were not state actors; (2) Lewis' assertions under the FDCPA that were barred by the statute of limitations; (3) Lewis' remaining FDCPA assertions against Chase because Lewis failed to sufficiently allege that Chase was a debt collector as defined by the FDCPA and because amendment, which Lewis had not requested, would be futile; and (4) Lewis' FDCPA

assertions against the Castle defendants under §§ 1692e and 1692f because Lewis failed to object to the magistrate judge's recommendation.  For the same reason, the district court also dismissed without prejudice Lewis' assertion under § 1692g of the FDCPA against the Castle defendants.  Finally, the district court dismissed without prejudice all of Lewis' state-law claims including those asserted under the Colorado FDCPA because Lewis failed to object to the magistrate judge's recommendation that the district court decline to exercise supplemental jurisdiction over those claims.

## ANALYSIS

### I.  Failure to Enter Default Judgment Against Chase

In this appeal, Lewis challenges the district court's failure to grant a default judgment in his favor after Chase failed to timely respond to his complaint.  Lewis and Chase agreed to an initial extension of time for Chase to answer the complaint.  When they did not reach a settlement within the stipulated extension time, Chase sought an unopposed additional one-week extension to permit continuation of settlement discussions.  The magistrate judge granted the motion.  Chase later moved for a second extension of time to respond to the complaint so that before filing its Rule 12(b)(6) motion it could confer with Lewis about amending the complaint in light of the dismissal of the foreclosure proceedings and the withdrawal of the foreclosure sale.  Although Lewis opposed the motion, the magistrate judge granted the extension based on good cause and later denied Lewis' subsequent motion to alter or amend the extension order.  The district court overruled Lewis' objection to the

- 4 -

magistrate judge's denial of his motion to alter or amend. In addition, the district court denied Lewis' motion for a default judgment under Federal Rule of Civil Procedure 55(b), because he failed to obtain a default judgment under Rule 55(a), there was no basis for such a judgment, and in light of the strong preference for litigation on the merits.

We review the denial of a motion for default judgment for an abuse of discretion. *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). Under the facts of this case, where, as discussed below, the claims against Chase were subject to dismissal under Rule 12(b)(6), we conclude the district court did not abuse its discretion in refusing to enter default judgment against Chase. *See id*. at 762.[3]

## II. *Substantive Claims Against All Defendants*

Lewis also argues the district court erred in granting defendants' Rule 12(b)(6) motions because: (1) regarding the HELOC, he was deprived of a hearing required by due process before his funding was taken and if he had not sought bankruptcy protection, his home would have been taken; (2) regarding the mortgage, he was denied due process because no court sought to ascertain whether Chase possessed any legal interest in his home or the loan; (3) defendants were state actors when they commenced the foreclosure proceedings against him; and (4) defendants were acting

---

[3] Citing Federal Rule of Civil Procedure 6(b)(2), Lewis also argues that there was no excusable neglect for Chase's untimely request for extensions. Rule 6(b)(2) does not, however, apply to an answer to a complaint or to a motion to dismiss. In any event, we agree with the district court that there was good cause for an extension.

as debt collectors because no evidence showed that either Chase or the Castle defendants possessed an interest in the loan before his default and Chase's employee testified he never saw a servicing agreement for the loan.[4]

We review the district court's Rule 12(b)(6) dismissal de novo. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although we accept as true all factual allegations in the complaint, we do not accept as true legal conclusions and conclusory statements. *Id.* at 678-79.

After considering the parties' briefs, the record on appeal, the appellees' appendices, and the relevant law in accordance with the de novo standard of review for dismissals under Rule 12(b)(6), we agree with the district court's dismissal of

---

[4] Lewis also argues that he should have been given an opportunity for discovery to determine Chase's interest in his home. He requested discovery in his responses to the motions to dismiss. In recommending dismissal, the magistrate judge impliedly recommended that discovery was not needed. In his objections to the magistrate judge's recommendation, Lewis again asserted that he was entitled to discovery. But the district court granted defendants' motions to dismiss, impliedly denying discovery. Because we affirm the dismissal and Lewis has failed to provide compelling reasons for discovery, we conclude that the implied denial of discovery was not an abuse of discretion. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 647 (10th Cir. 2008) (reviewing discovery rulings for abuse of discretion).

Lewis' claims.  Accordingly, we affirm for substantially the same reasons as thoroughly delineated in the district court's March 24, 2014, order accepting the magistrate judge's December 12, 2013, recommendation.  *See* R., Vol. 2 at 412-37 (district court order); *id*. at 332-59 (magistrate judge's recommendation).

## CONCLUSION

The judgment of the district court is affirmed.  Further, we deny defendants' requests for attorney's fees under Federal Rule of Appellate Procedure 38 for failure to comply with the Rule's separate-motion requirement, but we grant Chase's request for costs under Federal Rule of Appellate Procedure 39.  *See* Fed. R. App. P. 39(a)(2) (taxing costs against appellant when judgment is affirmed).

Entered for the Court

Nancy L. Moritz
Circuit Judge

- 7 -